UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE McGLATHERY,

    Plaintiff,

v.                                                      CASE NO.: 8:13-cv-1255-T-23TBM

LINCARE, INC., et al.,

    Defendants.

_____/

## **ORDER**

      Stephanie McGlathery sues Lincare "on behalf of [McGlathery] individually and on behalf of all others similarly situated" for violations of the Fair Labor Standards Act. (Doc. 1 at 1) The time to move for conditional certification has passed, and McGlathery no longer intends to pursue a collective action. Nonetheless, in preparation for the motion for conditional certification, several individuals opted into this action. (Docs. 4, 17, 20, and 21) Lincare moves (Doc. 52) to dismiss the opt-in plaintiffs because McGlathery failed to move for conditional certification within the prescribed time. Admitting that she no longer intends to pursue a collective action, McGlathery responds (Doc. 57) and asks for an order to convert the opt-in plaintiffs into named plaintiffs.

McGlathery cites three orders from the Middle District – *White v. Kcpar, Inc.*, 2006 WL 1722348 (M.D. Fla. June 20, 2006) (Conway, J.), *Lee v. Mack Construction Services, Inc.*, 2006 WL 1804589 (M.D. Fla. June 27, 2006) (Spaulding, Mag. J.), and *Beron v. Alvarez*, 2011 WL 5420812 (M.D. Fla. Nov. 8, 2011) (Covington, J.).  Both *White* and *Lee* converted an opt-in plaintiff into a named plaintiff, but *White* cited no supporting authority and offered no explanation for the conversion; *Lee* cited only *White* to justify the conversion.  Rather than convert an opt-in plaintiff into a named plaintiff, *Beron* allowed an opt-in plaintiff to "participate [at trial] as an opt-in Plaintiff." Also citing no supporting precedent, *Beron* is inapplicable to this action.  In *Beron*, the defendant waited to object until the month of trial and "only object[ed]" to the timing of the opt-in plaintiff's notice of consent to join.  In denying the defendant's motion, *Beron* stated:

> Alvarez has been aware of Castro's status as a claimant since the inception of this suit . . . . Alvarez is correct in his assertion that Castro's Notice of Consent to Join was untimely filed. However, since the parties have acted as if Castro was a part of this lawsuit from day one, the Court overrules Alvarez's objection to Castro's Notice of Consent to Join.

(internal quotation marks omitted).  *Beron*'s reasoning is inapplicable to this action – Lincare raises a different objection to the opt-in plaintiffs, and Lincare timely raises that objection.

McGlathery cites two orders from district courts outside the Eleventh Circuit – *Bamgbose v. Delta-T Group, Inc.*, 724 F. Supp. 2d 510 (E.D. Pa. 2010), and *Granchelli v. P & A Interests, Ltd.*, 2013 WL 435942 (S.D. Tex. Feb. 4, 2013).

*Bamgbose* converted one opt-in plaintiff into a named plaintiff. However, *Bamgbose* allowed the conversion, not as a matter of course, but because the plaintiff moved to amend the complaint and successfully "met the requirements of Rules 15 and 20," Federal Rules of Civil Procedure. Although McGlathery states a willingness to amend the complaint, McGlathery neither moved to amend the complaint nor demonstrated (in accord with Rules 15 and 20) a justification for an amendment. Accordingly, *Bamgbose* is inapplicable to this action. Also, in *Bamgbose*, "approximately sixty workers" opted into the action, but *Bamgbose* converted only one opt-in plaintiff into a named plaintiff. Because an earlier order dismissed without prejudice the motion for conditional certification and because time remained for the named plaintiff to move again for conditional certification, *Bamgbose* could not dismiss the opt-in plaintiffs. Instead, for the remaining opt-in plaintiffs, *Bamgbose* instructed the plaintiff to prepare another motion for conditional certification. In this action, McGlathery's time to move for conditional certification has passed, and she lacks a desire to move for conditional certification. Thus, dismissal of the opt-in plaintiffs in this action is compatible with *Bamgbose*.

In *Granchelli*, the plaintiff failed to timely move for conditional certification. Rather than proceed without the one opt-in plaintiff, the named plaintiff moved to amend the complaint to convert the opt-in plaintiff into a named plaintiff. Applying both Rule 15(a) and Rule 16(b)(4), *Granchelli* found that the plaintiff "show[ed] good cause for amending both the complaint and the scheduling order to join [the opt-in plaintiff] as a [named] plaintiff." Although McGlathery states a willingness to amend the complaint, McGlathery neither moves to amend the complaint nor demonstrates good cause for an amendment. Thus, like *Bamgbose*, *Granchelli* is inapplicable in this action.

Neither *Bamgbose* nor *Granchelli* promotes converting as a matter of course an opt-in plaintiff into a named plaintiff. Instead, *Bamgbose* and *Granchelli* allow the conversion only after granting the plaintiff's motion to amend the complaint.[1] The approach followed by *Bamgbose* and *Granchelli* best comports with the "two-tiered approach" to FLSA-class certification, which is suggested, subject to the district court's discretion, by the Eleventh Circuit. The first tier is called the "notice stage":

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted –

---

[1] *Alfonso v. Straight Line Installations, LLC*, 2010 WL 519851 (M.D. Fla. Feb. 10, 2010) (Scriven, J.), somewhat comports with *Bamgbose* and *Granchelli*. Although *Alfonso* applies neither Rule 15, nor Rule 16, nor Rule 20 (at least not explicitly), *Alfonso* construes the plaintiff's *nunc pro tunc* motion as a motion for leave to amend the complaint to add opt-in plaintiffs as named plaintiffs and grants the motion as construed.

> whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery."

*Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

After the notice stage and after discovery, the second tier follows:

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims. Based on our review of the case law, no representative class has ever survived the second stage of review.

*Hipp*, 252 F.3d at 1218.

Several scenarios can arise in implementing the two-tiered approach, including (1) the plaintiff's motion for conditional certification is granted and the defendant's motion for decertification is denied; (2) the plaintiff's motion for conditional certification is granted but the defendant's motion for decertification is granted; (3) the plaintiff's motion for conditional certification is denied with prejudice; (4) the

- 5 -

plaintiff's motion for conditional certification is denied without prejudice; and (5) the plaintiff fails to move for conditional certification.

*Hipp* holds that, in the first scenario – where a class is conditionally certified and the motion to decertify is denied – the opt-in plaintiffs remain in the action and are represented by the named plaintiffs. Also, *Hipp* holds that, in the second scenario (i.e., if the class is decertified), the opt-in plaintiffs are dismissed without prejudice.

Although *Hipp* fails to address the third scenario – where the motion for conditional certification is denied with prejudice – other precedent argues that the district court should dismiss the opt-in plaintiffs. For example, *Clay v. Huntington Ingalls, Inc.*, 2012 WL 860375 (E.D. La. Mar. 13, 2012) (Brown, J.),[2] dismisses the opt-in plaintiffs after denying conditional certification and states, "[F]ew cases [] have allowed opt-in plaintiffs to be converted into original plaintiffs . . . and [the few that have allowed the conversion] have involved situations where the denial of [conditional] certification was specifically rendered without prejudice such that plaintiffs had leave to redefine the class." In a footnote, *Clay* cites two of the "few cases" that convert an opt-in plaintiff into a named plaintiff; the two are *Bamgbose*, 724 F. Supp. 2d 510, and *White*, 2006 WL 1722348. Both *White* and *Bamgbose* are

---

[2] Other authority that dismiss opt-in plaintiffs after denying a motion for conditional certification include *Odem v. Centex Homes*, 2010 WL 424216, at *2 (N.D. Tex. Feb. 4, 2010) (Lindsay, J.) and *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 511 (M.D. La. 2005) (Polozola, J.).

cited by McGlathery in response in Lincare's motion. As discussed above, neither convincingly supports McGlathery's argument.

A December 11, 2013, order (Doc. 102) in *Chalker v. Burlington Coat Factory of Florida, LLC*, 8:12-cv-2755, explains how a district court should respond in the fourth scenario, i.e., where the motion for conditional certification is denied without prejudice. In short, a district court should not dismiss an opt-in plaintiff when denying a motion for conditional certification without prejudice. The order explains that a motion – in response to a denial without prejudice of conditional certification – to dismiss opt-in plaintiffs is premature because the plaintiff might move again for conditional certification.

This action concerns the fifth scenario – the plaintiff never moved for conditional certification. No binding precedent governs whether a district court should dismiss opt-in plaintiffs in this scenario. However, a pattern is discernable from the first four scenarios. While a possibility of class certification exists – either because a class is already certified (i.e., scenario one) or because a motion for conditional certification is dismissed without prejudice (i.e., scenario four) – opt-in plaintiffs are not dismissed. But, once the possibility of class certification passes – either because the class is decertified (i.e., scenario two) or because a motion for conditional certification is denied with prejudice (i.e., scenario three) – opt-in plaintiffs are dismissed without prejudice.

In this action, the time to move for conditional certification passed, and McGlathery expresses an intent not to move for conditional certification. Class certification is no longer possible, and McGlathery fails to move to amend the complaint. Accordingly, the defendant's motion (Doc. 52) is **GRANTED**. The opt-in plaintiffs are **DISMISSED WITHOUT PREJUDICE**. To the extent the complaint alleges a collective action, the complaint (Doc. 1) is **STRICKEN**. Lincare's motion (Doc. 59) for a scheduling conference – which Lincare requests "if [the court] denies Defendant's Motion . . . To Dismiss Opt-Ins" – is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on April 3, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE